J-S19043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT EARL NOBLE | : | |
| | : | |
| Appellant | : | No. 1025 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 29, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000391-2023

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: June 30, 2026**

Appellant, Robert Earl Noble, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Erie County on July 29, 2025. After review, we affirm his judgment of sentence and deny his application filed on May 18, 2026.

The relevant facts and procedural history are as follows:

On December 30, 2022, the []Appellant, Robert Earl Noble arrived at 700 Cascade Street in the City of Erie, Erie County, Pennsylvania in a stolen vehicle (a 2022 Toyota Highlander). Upon his arrival, [Appellant] was carrying a loaded Ruger LCP .380 handgun. He had no license to carry a concealed weapon in a vehicle or on his person, and 700 Cascade Street was not his place of abode or his place of business; nor was he exempt from the Uniform Firearm Act for any reason.

After arriving at 700 Cascade Street, [Appellant] fired at least one shot (possibly more) into the street from the Ruger

---

[*] Former Justice specially assigned to the Superior Court.

handgun. He then fled the scene, ran through a yard, and hid the handgun he had just fired inside a "grill" located at 700 Cascade Street in the City of Erie, Pennsylvania. At the time of this incident, [Appellant] was intoxicated, and he was apprehended in the vicinity of 700 Cascade Street shortly afterward.

Tr. Ct. Op. at 5.

Appellant was taken into custody, and a complaint was filed against him on the same day. On March 21, 2023, a ten-count criminal information was filed against him related to his conduct. Appellant has acted *pro se* throughout the entirety of the proceedings and has filed numerous filings, requests, motions, untimely appeals, and petitions.

Following a hearing on June 7, 2023, count one, persons not to possess firearms, was dismissed. Thereafter, a number of continuances were filed and Appellant was scheduled for trial on June 5, 2025. On that day, Appellant instead entered a guilty plea to counts two through nine of the criminal information. Count 10, driving while operating privilege suspended, was *nolle prossed*.

Sentencing was set for July 29, 2025. On July 25, 2025, four days prior to sentencing, Appellant filed a motion to withdraw his guilty plea. He orally renewed his motion to withdraw his plea just prior to sentencing on July 29, 2025. The court denied his motion on the record and filed a written order on July 29, 2025 formally denying the motion. Appellant was sentenced as follows:

Count 2 -18 Pa.C.S. 6106 (A1) - Firearms Not To Be Carried W/O License (F3); To be confined for a minimum period of 36 Month(s) and a maximum period of 72 Months) in SCI Greene.

Count 3 - 18 Pa.C.S. 3925 (A) - Receiving Stolen Property (F3); To be confined for a minimum period of 15 Month(s) and a maximum period of 30 Months) in SCI Greene.

Count 4 - 18 Pa.C.S. 907 (A) - Possession Of Instrument Of Crime W/Int (M1); To be confined for a minimum period of 3 Month(s) and a maximum period of 6 Month(s) in SCI Greene.

Count 5 - 18 Pa.C.8. 2705 - Recklessly Endangering Another Person (M2); To be confined for a minimum period of 9 Month(s) and a maximum period of 18 Months() in SCI Greene.

Count 6 - 18 Pa.C.S, 4910 (1) - Tamper With/Fabricate Physical Evidence (M2); supervised by the State.

Count 7 - 18 Pa.C.S. 5503 (A1) - Disorderly Conduct Engage In Fighting (M3); To be placed on Probation - State (PBPP) Regular Probation - for 1 year to be supervised by the State.

Count 8 - 18 Pa.C.S. 5505 - Public Drunkenness And Similar Misconduct (Sum); To be placed on Probation - State (PBPP) Regular Probation - for 90 days to be supervised by the State.

Count 9 - Local Ordinance § 725.05 (B) - Firearms Discharge Prohibited (Sum); To be placed on Probation - State (PBPP) Regular Probation - for 90 days to be supervised by the State.

Tr. Ct. Op. at 3-4.

After several more *pro se* filings, Appellant filed a notice of appeal on August 12, 2025. He filed a concise statement pursuant to Pa.R.A.P. 1925(b) on September 11, 2025. The trial court filed its Rule 1925(a) opinion on October 13, 2025. During the pendency of this appeal, following the filing of briefs by each party and a reply brief by Appellant, Appellant filed an application to amend his reply brief. This appeal followed.

Appellant raises the following issues for our review, verbatim:

I. DID THE "PLEA" AND "TRIAL" COURTS ABUSE THEIR DISCRETION COMMITING A REVERSIBLE ERROR WHEN THEY "USURPED" JURISDICTION OVER THE SUBJECT MATTER OF APPELLANT'S LEGAL PROCEEDINGS UNLAWFULLY BRINGING THEM TO AN UNLAWFUL AND ILLEGAL CONCLUSION OF AN ENTRY OF A PLEA, JUDGMENT, AND SENTENCE?

II. DID THE "PLEA COURT" ABUSE IT'S [sic] DISCRETION COMMITTING A REVERSIBLE ERROR WHEN IT BULLIED APPELLANT, ALONG WITH THE PROSECUTION'S GAMESMANSHIP TRIAL BY AMBUSH, THAT INDUCED APPELLANT INTO ENTERING A PLEA OF GUILTY MAKING THE PLEA UNKNOWING, UNINTELLIGABLE, AND INVOLUNTARY?

III. DID THE "TRIAL COURT" ABUSE ITS DISCRETION COMMITTING A REVERSIBLE ERROR WHEN IT IMPOSED A JUDGEMENT AND SENTENCE UPON APPELLANT WHEN IT LACKED JURISDICTION OVER THE SUBJECT MATTER AND APPELLANT WAS UNLAWFULLY INDUCED INTO ENTERING A PLEA?

Appellant's Br. at x.

We will address Appellant's first and third issues together as they both implicate subject matter jurisdiction. A challenge to the trial court's subject matter jurisdiction presents a question of law over which our standard of review is *de novo* and our scope is plenary. *See Commonwealth v. Seiders*, 11 A.3d 495, 496-97 (Pa. Super. 2010). "[T]he Pennsylvania Supreme Court [has] held that subject matter jurisdiction require[s] both that the court be competent to hear the case and that the defendant be provided with a formal and specific accusation of the crimes charged." *Commonwealth v. Hatchin*, 709 A.2d 405, 408 (Pa. Super. 1998) (citation and quotation marks omitted). "Ordinarily, the requirement of formal notice is satisfied by the defendant's

- 4 -

receipt of the criminal information." ***Commonwealth v. Hatchin***, 709 A.2d 405, 408 (Pa. Super. 1998). The Commonwealth may also satisfy this requirement by providing a complaint "which is specific as to (1) the date of the crime(s) charged, (2) the identity of the victim(s) and (3) the acts allegedly done by the defendant." ***Id.*** at 408-09.

Here, there is no dispute that the criminal complaint specifically lists the date of the offenses, identifies the location and witnesses, and describes the conduct of Appellant. Compl. at 11. However, Appellant argues that the complaint is insufficient because the magistrate court signed and stamped its seal on only the last page of the complaint, not on the preceding pages, including the affidavit of probable cause. Appellant's Br. at 9-11. Appellant alleges that the lack of a signature and stamp on a particular page of the complaint removed jurisdiction from the court because the defect is one of constitutional proportions, it violates the Rules of Criminal Procedure, and it invalidates his conviction because there was never a finding a probable cause. ***Id.*** at 12-13.

"Criminal proceedings in court cases are instituted by 1) the filing of a complaint, followed by the issuance of a summons or arrest warrant; or by 2) a warrantless arrest, followed by the filing of a complaint." Pa.R.Crim.P. 502 cmt. "In every court case a complaint shall be filed with the appropriate issuing authority." Pa.R.Crim.P. 503.

> (A) Before accepting a complaint for filing, the issuing authority shall ascertain and certify on the complaint that:

(1) the complaint has been properly completed and executed; and

(2) when prior submission to an attorney for the Commonwealth is required, an attorney has approved the complaint.

(B) Upon certification of the above matters, the issuing authority shall accept the complaint for filing, and the case shall proceed as otherwise provided in these rules.

Pa.R.Crim.P. 508.

Acting *pro se*, Appellant's ignorance of and unfamiliarity with the typical workings of legal filings leads to the failure of his argument on this issue. It is common local practice for a magistrate to sign only the last page of a complaint which contains the affidavit of probable cause for arrest. In fact, the last page of the complaint that was signed and stamped by the magistrate incorporates the prior pages by reference. **See** Compl. at 10, ¶ 4.

Appellant cites cases for the proposition that a *search warrant* that is not signed by a judge is void and does not establish probable cause. Appellant's Br. at 10, 12, 13. Those cases implicate different constitutional concerns than the instant situation. Here, Appellant was already in custody, and the police filed the complaint setting forth the facts as required by Rule 502, justifying Appellant's arrest. The reviewing authority certified on the complaint that the complaint had been properly completed and executed as required by Rule 508. This provided sufficient notice to Appellant as to the reason for his arrest, thereby satisfying the requirements of subject matter jurisdiction. This is unlike an unsigned search warrant which fails to grant the police authority to search and seize property under the Fourth Amendment.

Accordingly, Appellant's argument that the Court of Common Pleas lacked subject matter jurisdiction because the magistrate signed and sealed only the final page of the complaint is specious and meritless. The Court of Common Pleas of Erie County clearly had jurisdiction to hear this case, which occurred in Erie County, and Appellant was given sufficient notice. Accordingly, the requirements for subject matter jurisdiction have been met and the court had the authority to accept a plea in this case.

Appellant's third issue is that the trial court erred in denying Appellant's post-sentence motion challenging the legal sufficiency of Appellant's sentence because it lacked subject matter jurisdiction. Specifically, Appellant reinforces his argument that the magistrate's "defect" in only signing and sealing the final page of the complaint deprived the trial court of jurisdiction to accept his plea and sentence him. Appellant's Br. at 23. Appellant reiterates his belief that he was not given "formal and sufficient" notice of the accusations against him because the affidavit of probable cause in the complaint was constitutionally void. *Id*. This argument fails for the same reasons set forth above.

To the extent we must address Appellant's claim that his sentence is illegal because challenges to the legality of a sentence cannot be waived, **see Commonwealth v. Dickson**, 918 A.2d 95, 98 (Pa. 2007), we note that Appellant does not challenge the appropriateness of his sentence, assert that it violated a statutory maximum, or raise double jeopardy concerns. Appellant

- 7 -

merely challenges the trial court's authority to impose a sentence when it lacked the subject matter jurisdiction. Because we have established that the trial court had jurisdiction, we need not address this issue further. To the extent that Appellant claims that he was unlawfully induced to enter his plea or that the court erred in not permitting him to withdraw his guilty plea, we turn to his second issue.

Appellant's second issue claims that his plea was not entered knowingly, intelligently, and voluntarily. Appellant's Br. at 18. Appellant claims that he was bullied and faced "trial-by-ambush" when he had not received discovery, *Id.* at 19, 25, and further argues that he demonstrated a "fair and just" reason to withdraw his plea. *Id.* at 25.

Appellant is correct that discovery rules are intended to prevent "trial-by-ambush" and to permit parties in criminal matters to be prepared for trial. ***See Commonwealth v. Appel***, 689 A.2d 891, 907 (Pa. 1997) (reversed on other grounds). Appellant claims he faced trial-by-ambush but seems to misunderstand that phrase because he never proceeded to trial. Appellant was granted continuances in this case on June 30, 2023, and September 20, 2023. The Commonwealth also sought and was granted several continuances. This case was extended for nearly three years before it was set for the June 2025 trial term. Appellant was aware and admitted that he understood that his case was set for the June trial term. ***See*** Appendix at 130-31 (emails between Appellant and the Commonwealth wherein Appellant acknowledges that his

case is set for June trial but asserts that he plans to work out a favorable plea). Appellant filed a *pro se* motion for a continuance on June 2, 2025, which was denied by order June 4, 2025. On June 5, 2025, Appellant was given the choice by the trial court to head to jury selection and proceed to trial as scheduled, or to enter a plea. N.T., 6/5/25, at 2-4. Appellant claims to have been threatened and intimidated by these options which induced him to enter the plea. Appellant's Br. at 19.

To be valid, a plea must be voluntary, knowing, and intelligent. **Commonwealth v. Persinger**, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It requires that a guilty plea be offered in open court and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. **See** Rule 590 cmt. Additionally, when a motion to withdraw a plea is made prior to sentencing, the motion should be granted where the defendant has offered a "fair and just reason." **Commonwealth v. Gunter**, 771 A.2d 767, 771 (Pa. 2001).

Appellant appears to advance two theories as to why his plea was not voluntary and why he should have been allowed to withdraw his guilty plea. First, he claims that he expressed a desire to go to trial. Appellant's Br. at 27. However, he was given the opportunity to go to trial on the day he entered his

plea, and he was informed by the Commonwealth before his colloquy that he was giving up his right to a trial. As the trial court explains:

> The [c]ourt then summarized the guilty plea proceedings for [Appellant] in order to double check his understanding of the plea, and asked him a number of questions:
>
> > THE COURT: Very well. And, sir, you're still okay going *pro se* and representing yourself today?
> > THE DEFENDANT: Yes, sir.
> > THE COURT: All right. It seems that you understand pretty well, from what I've seen so far. So, I just want to ask you a few questions. Do you understand your rights?
> > THE DEFENDANT: Yes, I do.
> > THE COURT: Do you understand the plea agreement?
> > THE DEFENDANT: Yes, I do.
> > THE COURT: Do you understand the elements of the crimes to which you're pleading guilty?
> > THE DEFENDANT: Yes, I do.
> > THE COURT: Are you guilty of those crimes?
> > THE DEFENDANT: Yes, I am.
> > THE COURT: Has anybody forced you, or threatened you, or promised you anything to make you take the plea?
> > THE DEFENDANT: No.
> > THE COURT: All right. We find your plea is knowingly, voluntarily, and intelligently made, and we'll accept it.
> > (***see*** T.G.P., 06/05/25, pp 24, 25).
>
> The [c]ourt then confirmed [Appellant's] sentencing date for July 29th at 9 o'clock a.m. and the proceedings were concluded (***see*** T.G.P., 06/05/25, p. 26).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he

- 10 -

may not assert grounds for withdrawing the plea that contradict statements made when he pled. ***Commonwealth v. Stork***, 737 A. 2d 789, 790-91 (Pa. Super. 1999). ***Commonwealth v. Gabra***, 2025 PA Super 99, 336 A. 3d 1052, 1057, 2025 WL 1320649 (2025).

On June 5, 2025 after much on the record discussion with the Court and the Assistant District Attorney (see above), [Appellant] did plead guilty to eight of the original ten charges contained in the Criminal Information. The record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him. Therefore, the voluntariness of the plea is established (***see*** T.G.P., generally). [Appellant] is bound by the statements he made during his plea colloquy, and he may not now assert grounds for withdrawing the plea that contradict statements made when he pleaded guilty. ***Gabra, id***.

[Appellant] understood the plea agreement, he understood the elements of the crimes to which he had just pleaded guilty, he stated that he was guilty of those eight crimes, and that no person forced him, or threatened him, or promised him anything that made him plead guilty (***see*** T.G.P., 06/05/25, pp 24, 25). He now alleges that he was "induced" to plead guilty by the threat of being forced to go to trial that day. That he may have been convinced to plead guilty by his own desire to not go to trial is not the type of "threat" that amounts to "coercion" such that his guilty plea would be invalid.

[Appellant] may not now assert that his guilty plea was not voluntary: to allow such a claim would clearly contradict his statements at his guilty plea colloquy which indicate that his guilty plea was both knowing and voluntary (***see*** T.G.P., 06/05/25 generally), ***Gabra, id***.

Tr. Ct. Op. at 14-15. We agree with the trial court that the record indicates that Appellant understood his rights and entered his plea knowingly, voluntarily, and intelligently.

Second, Appellant complains that he had not received discovery as requested in 2023. Appellant's Br. at 19, 25, N.T., 7/29/25, at 5. However, the Commonwealth had reached out to Appellant several times during the pretrial period offering to let him come to the District Attorney's office to review discovery materials, including electronic discovery. Appellant never took advantage of this offer. N.T. 7/29/25, at 6. Accordingly, this is not a "fair and just" reason for Appellant to have been permitted to withdraw his plea.

Because the trial court had jurisdiction to hear Appellant's case and accept his plea, and because Appellant's plea was entered knowingly, voluntarily, and intelligently and he has not set forth a fair and just reason that would have supported the withdrawal of his plea, we affirm his judgment of sentence.

Finally, we must resolve Appellant's Application to Amend his reply brief filed on May 18, 2026. Appellant therein reiterates his belief that the court did not have subject matter jurisdiction. We will not entertain this analysis again. Appellant also raises "newly-discovered evidence." After-discovered evidence discovered during the direct appeal process is properly raised during the direct appeal process. *See* Pa.R.Crim.P. 720. Accordingly, this Court examined the "evidence" that Appellant submitted during the pendency of this appeal.

Appellant's application states as follows: "On March 26, 2026, the Supreme Court of Pennsylvania decided the case of Commonwealth v. Belgrave, 31 WAP 2024 (Pa. Mar. 26, 2026)." Appellant proceeds to discuss

how this new caselaw applies to the facts of his case as previously known to him. To the extent Appellant raises this claim under Pa.R.Crim.P. 720(C) as an "after-discovered evidence claim," his application is procedurally deficient in that he merely prays that this Court grant his immediate release, which is not the proper purpose or procedure under Rule 720. To the extent that Appellant is alleging that **Belgrave** is a "newly-discovered fact," Pennsylvania courts have repeatedly held that a judicial decision is not evidence and cannot constitute a newly discovered fact. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) ("Our courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts"), citing **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (holding that "judicial determinations are not facts"). Accordingly, subsequent decisional law cannot serve as after-discovered evidence. We deny

Appellant's Application to Amend.

Judgment of sentence affirmed. Application to Amend denied.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

6/30/2026